UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| GEORGE WAGERS | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 6:22-cv-75-REW-HAI |
| v. | ) | |
| | ) | |
| STEPHEN R. HOTCHKISS & | ) | |
| THE REYNOLDS COMPANY | ) | **JOINT MOTION TO MODIFY AND AMEND THE SCHEDULING ORDER** |
| | | |
| DEFENDANTS. | ) | |
| | ) | |
| | ) | |

** ** ** ** **

Come the parties, jointly by counsel, and respectfully move the Court to enter an Order modifying and amending the present Scheduling Order in this matter. (D.E. 24). In support of this Motion, the parties state as follows:

The Court entered a Scheduling Order on May 16, 2022 (D.E. 10) which was later amended by joint Agreed Order of the parties to extend the unexpired deadlines. (D.E. 17). After the Court's mid-discovery teleconference, the parties were instructed to confer and submit an amended schedule. They did so, which resulted in the Modified Scheduling Order (D.E. 24). The parties are abundantly aware of the Court's admonition that additional deadline extensions are not well taken by the Court. However, because three (3) key witnesses in this case, Defendant, Stephen R. Hotchkiss, Dr. Henrik Berdel (U.K. Medical Center), as well as Dr. Wajdi S. Kfoury (Rehabilitation Center), have either made themselves unavailable for deposition or repeatedly changed the deposition dates, the parties have no choice but to seek the Court's permission for an

1

additional modification of the fact discovery deadline.  In addition, the scheduling order also requires a correction with respect to the order in which the respective expert depositions are to be taken, to reflect that Plaintiff's experts will be deposed first after which Defendants' experts deposed.  To wit:

Subsequent to the entry of the revised joint scheduling order (D.E. 24), the parties continued to work on procuring the discovery needed in the case.  Plaintiff's deposition was taken on March 26, 2023, after which Plaintiff sought to procure the deposition of the Defendant, Stephen R. Hotchkiss.  In trying to coordinate the dates for Mr. Hotchkiss' deposition, Defense counsel was informed of two important developments regarding the Co-Defendant Reynolds Company, which impacted the ability to produce Mr. Hotchkiss.  First, The Reynolds Company has divested itself of its trucking/transportation division.  Therefore, Mr. Hotchkiss is no longer an employee of the Co-Defendant, The Reynolds Company.  After making diligent efforts, defense counsel thus far has been unable to successfully locate and produce Mr. Hotchkiss in a manner to meet the Court's present discovery deadline of May 26, 2023.

Counsel for the Defendant has also requested but has been unable to successfully complete the deposition of Dr. Henrik Berdel, MD, the UK Medical Center Emergency Physician who treated and discharged Plaintiff Wagers from care.   Defense counsel has followed all the scheduling requirements of the University of Kentucky Scheduling Department.  Yet to date, Dr. Berdel has refused to make himself available for deposition.   As of this submission, neither the UK Scheduling Department nor Dr. Berdel have provided dates within the confines of the present scheduling deadline to accomplish Dr. Berdel's deposition, even though Defense Counsel has pressed for same.  Defense counsel continues to press for this deposition and the next intended step is to contact UK Medical Center legal counsel to arrange same.

Further, counsel for the Defendant has requested but likewise has been unable to successfully complete the deposition of Dr. Kfoury who treated Plaintiff Wagers during his stay at the rehabilitation facility. The first deposition of Dr. Kfoury was cancelled after being scheduled and noticed because Dr. Kfoury's legal team requested time to review the case. After that review, Dr. Kfoury's deposition was scheduled a second time, May 25, 2023, but had to be canceled due to the doctor's short notice of the date and time which caused scheduling conflicts between counsel.

This agreed request for an extension of this discovery deadline is not made for any reason of delay, but is in the interest of justice, and will not otherwise materially disturb the remaining deadlines set forth by D.E. 24, or anticipated trial date.

**WHEREFORE,** the parties respectfully request that the Court enter an order amending the scheduling order as follows:

1.    All fact discovery of lay and medical witnesses shall be completed on or before **July 15, 2023** (exclusive of depositions taken for trial)**.**

      All written discovery shall be completed by **April 19, 2024.** These deadlines mean, as relevant, service of written discovery calculated to secure a response by and compliant with the deadline.

2.    Per Rule 26(a)(2), no later than **August 15, 2023,** Plaintiff shall disclose the identity of expert witnesses who may be used at trial, accompanied by written reports signed by the Rule 26(a)(2)(B) expert witnesses and/or written summaries consistent with Rule 26(a)(2)(C), as applicable, all in compliance with the rule. These disclosures need not be filed in the Court record. No later than **September 15, 2023,** Defendants shall provide same. Any supplementation by Plaintiff is due by

3

**October 16, 2023.** Any supplementation by Defendant is due by **November 30, 2023.** All Plaintiff's expert depositions shall be completed by **January 17, 2024.** All Defendants' expert deposition shall be completed by Plaintiff by **March 9, 2024.**

3.    No later than **July 30, 2024,** counsel for the parties shall file all dispositive motions, with responses governed by the local rules. Any depositions cited to in a Motion or other brief must be filed in their entirety along with the Motion or other brief (either as a separate record entry or if feasible as an attachment).

4.    All other previous Orders shall remain in effect.

Respectfully submitted,

*/s/ Kenneth A. Sizemore (with permission)*
Kenneth A. Sizemore, Esq.
1356 South Laurel Road
London, Kentucky 40743-1808
ken@sizelaw.com
*Counsel for Plaintiff*

*/s/ Charles Bullard    (with permission)*
Charles Bullard, Esq.
Bullard and Hayes
PO Box 17188
Ft. Mitchell, Kentucky 41017
bullardc@b-hlaw.com
*Co-Counsel for Plaintiff*

*AND*

*/s/ Christina R. L. Norris_____*
Christina R.L. Norris, Esq.
Mary Katherine Brashear, Esq.
Goldberg Simpson, LLC
9301 Dayflower Street
Prospect, Kentucky 40059
cnorris@goldbergsimpson.com
*Counsel for Defendant*

4